## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSHUA DUVALL | ) | CASE NO.: 19-11272(1)(12) |
| BRANDI DUVALL | ) | |
| NATHAN DUVALL | ) | |
| JAIME DUVALL | ) | Administratively Consolidated |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| NUTRIEN AG SOLUTIONS, INC., | ) | AP NO.  20-1012 |
| successor to SECURITY SEED AND | ) | |
| CHEMICAL, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA LEE DUVALL, et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

## <u>MEMORANDUM-OPINION</u>

The following constitutes the Court's Findings of Fact and Conclusions of Law with respect to the Motion for Partial Summary Judgment filed by Plaintiff Nutrien AG Solutions, Inc. Successor to Security Seed and Chemical, Inc. ("Nutrien"), Motion for Summary Judgment filed by South Central Bank, Inc. ("SCB"), Response to Motion for Partial Summary Judgment of Morgantown Bank & Trust Company ("MB&T"), and Motion for Partial Summary Judgment of Bank of Edmonson County ("BOEC").

## FINDINGS OF FACT

In the late 1990s, Nathan and Josh Duvall (collectively, the "Debtors") began operating a farming partnership called "Duvall Farms." This loose business arrangement involved sharing machinery and equipment.

The Debtors purchased farm machinery and equipment (hereinafter, "Equipment") in their individual names.

On January 1, 2019, the Debtors formed a new general partnership called "D&D Farms." Although the Debtors claimed to transfer the ownership of their equipment to D&D Farms, there is no paperwork documenting the transfer, nor were the existing liens on the equipment released hereinafter referred to as the "alleged transfer".

To sustain their farming operations, the Debtors–either individually or collaboratively – sought and obtained financing from various lenders, including: (1) Nutrien, (2) SCB, (3) Simplot AB Retail, Inc. ("Simplot"), MB&T, and BOEC. Pertinently:

a. **Nutrien**. On July 11, 2017, the Debtors executed a Promissory Note in the principal amount up to $485,000.00, along with a Security Agreement, in favor of Nutrien.. On or about August 3, 2017 and August 4, 2017, Nutrien advanced loan funds in the total principal amount of $443,986.11.

    To secure the loan, the Debtors granted Nutrien a blanket lien in "[a]ll farm and business machinery, equipment and tools."

    On March 3, 2016, Nutrien filed an initial financing statement naming "Nathan Wayne Duvall" as the debtor, and, on March 14, 2017, Nutrien amended the statement to add the following collateral description: "All farm and other equipment and inventory, now owned or hereafter acquired by debtor."

    On April 15, 2013, Nutrien filed an initial financing statement naming "Joshua Lee Duvall" as the debtor, and, on June 30, 2017, Nutrien amended the statement to add the following collateral description: "All farm and business machinery, equipment and tools."

b.     **<u>SCB</u>**. On October 18, 2017, the Debtors executed two Promissory Notes in favor of SCB—one in the principal amount of $95,000.00, and the other in the principal amount of $595,000.00.

To secure the $95,000.00 Note, the Debtors executed an Agricultural Security Agreement in favor of SCB, under which the Debtors granted SCB: (1) a blanket lien in "All of Debtor's now owned or hereafter acquired and wherever located farm equipment," and (2) a purchase-money security interest in Debtors' 2014 ProForce 3430 Variable Rate Spreader.

To secure the $595,000.00 Note, the Debtors granted SCB a mortgage on real property.

Pursuant to the cross-collateralization clause set forth in the Agricultural Security Agreement, the Debtors agreed that SCB's blanket lien on "farm equipment" secured the obligations owed under the $595,000.00 Promissory Note.

On October 20, 2017, SCB filed a financing statement naming "Josh L. Duvall" as the debtor and describing the collateral as: "All of Debtor's now owned and hereafter acquired whatever located farm equipment . . .."

On the same date, SCB filed a second financing statement against "Josh L. Duvall" listing the "2014 ProForce 34030 18ft Variable Rate Spreader, Model #TP-18 (Serial #10313) as collateral."

Likewise, on October 20, 2017, SCB filed a financing statement naming "Nathan W. Duvall" as the debtor and describing the collateral as: "All of Debtor's now owned and hereafter acquired whatever located farm equipment . . .."

c.     **<u>Simplot</u>**. On March 15, 2017, Josh Duvall submitted an "Application and Note/Security Agreement" in favor of Simplot, pursuant to which Simplot appears to have loaned Josh Duvall $230,760.15 in exchange for a security interest in Josh's one-half share of the Equipment.

On April 5, 2018, Simplot filed a financing statement naming "Joshua Lee Duvall" as the debtor and describing the collateral as: "All farm and business machinery, equipment and tools."

d.     **<u>MB&T</u>**. On March 16, 2017, the Defendants, Josh Duvall and Brandi Duvall, entered into a Commercial Promissory Note ("Note") with Morgantown Bank in the original principal amount of $58,359.00, as amended by an Extension Agreement dated March 16, 2018 and an Extension Agreement dated January 3, 2019.

-3-

The primary purpose of the Note was for the purchase of a Case 840L LGP Dozer, and the Note contained a security interest in same.

On that same date, a loan proceeds check in the amount of $58,000.00, the net amount of the loan, was deposited in Duvall's account.

The purchase price of the Case 840L LGP Dozer was $56,000.00, as established by an invoice from Southern Equipment Sales & Rental, Inc.

This invoice contained wiring instructions for payment of the purchase price. As evidenced by Duvall's checking account statement dated March 20, 2017, the loan proceeds were deposited into Checking Account No. 430183801 on March 16, 2017, and on that same date, a wire out in the amount of $56,015.00 (the additional $15.00 being a wire transfer fee), was initiated to pay for the invoice of the purchase of the Case 840L LGP Dozer from Southern Equipment Sales & Rental, Inc.

On March 20, 2017, Morgantown Bank filed a UCC-1 Financing Statement with the Kentucky Secretary of State (File No. 2017 – 2884454 – 95.01). The name of the Debtor contained in MB&T's UCC-1 Financing Statement was "Josh Duvall."

As a result of a financing statement filed by The Peoples Bank on May 28, 2019, The Peoples Bank also claims a security interest in the Case 840L LGP Dozer, alleging that its interest has priority. *Supra*.

A search of the Kentucky Secretary of State's records, using the standard search logic using the Debtor's name as required by KRS 355.9-503(d), Joshua Lee Duvall, does not disclose the UCC-1 Financing Statement filed by MB&T concerning the Case 840L LGP Dozer, nor does it disclose the UCC-1 Financing Statement filed by The People's Bank on the Case 840L LGP Dozer.

e.  **BOEC**. On February 10, 2017, Josh Duvall executed a promissory note in favor of BOEC for the original principal amount of $125,116.28. To secure the promissory note, Josh and Nathan Duvall executed an Agricultural Security Agreement that same day whereby they granted BOEC a security interest in the following: (1) 2000 John Deere 6410 Tractor; (2) 2010 John Deere 9670 Combine; and (3) 2012 John Deere 4830 Sprayer.

BOEC filed a UCC Financing Statement with the Kentucky Secretary of State's Office on March 1, 2017 at 1:48:57 p.m., 2017-2881425-80.01. The financing statement identifies BOEC as the secured party and "Josh Duvall" and "Nathan Duvall" as the debtors.

Although a representative of BOEC and The Peoples Bank exchanged emails regarding the possibility of  BOEC subordinating its lien on the 3 pieces of

-4-

equipment to The Peoples Bank's lien, no formal documents were ever executed between BOEC and The Peoples Bank.

f.  **Northland**.  On or about April 30, 2018, Joshua Duvall executed that certain equipment lease agreement schedule numbered 2428-014 (the "Schedule") , in favor of Northland regarding the 2012 Penta 5620 Heavy Duty Mixer, SN: 07-12-19 ("Mixer"), which amended that certain equipment master lease agreement numbered 2428M, dated on or about December 14, 2011, executed by Joshua Duvall in favor of Northland ("Master Lease") (hereinafter, the Master Lease and the Schedule shall hereinafter be referred to collectively, as the "Northland Lease").

Pursuant to the Northland Lease, Northland agreed to lease the Mixer to Joshua Duvall, and Joshua Duvall agreed to lease the same from Northland upon the terms and conditions contained therein.

The Northland Lease provides that Joshua Duvall granted Northland a purchase-money security interest in the Mixer.

The Northland Lease provides that only Northland may terminate the Northland Lease, at its option.

The Northland Lease provides Joshua Duvall with the following end of lease options: (1) purchase the Mixer for $101.00; (2) return the Mixer to Northland by paying Northland the sum of $500.00 plus all costs of shipping the Mixer back to Northland and of insuring said shipment back to Northland; and (3) renew the Northland Lease for successive thirty (30) day periods upon the same rental payment as that set forth in the original term of the Agreement, *i.e.*, $4,227.00 annually, which is $352.25 on a monthly basis.

On or about April 25, 2018, Joshua Duvall caused the sum of $6,000.00 to be advanced to Cowherd Equipment, Inc. as and for the down payment for the Mixer, which such sums were credited against the indebtedness due under the Northland Lease.

On or about April 26, 2018, Joshua Duvall took possession of the Mixer.

On or around April 30, 2018, Northland advanced funds to Cowherd Equipment, Inc. as and for payment of the remaining balance of the purchase price due to Cowherd Equipment, Inc. for the Mixer.

On May 1, 2018, Northland perfected its security interest in the Mixer by filing with the Kentucky Secretary of State that certain UCC-1 Financing Statement numbered 2018-2959-012-69.01, which names Joshua Lee Duvall as the debtor and lists the Mixer as the collateral (the "Financing Statement").

Northland claims a first-priority, perfected purchase-money security interest in the Mixer.

No other creditors of Debtors claim a security interest in the Mixer.

g.     **The Peoples Bank**. In March or April 2019, the Debtors began communications with The Peoples Bank about obtaining new financing, including a loan to refinance their farm equipment.  At this time, the items of equipment owned separately by the Debtors were encumbered by liens, some of which were in default.  The Debtors intended to obtain a loan to pay off some or all of the obligations secured by liens on the equipment.

In connection with securing a new loan with The Peoples Bank, the Debtors provided a balance sheet on D&D Farms which showed farm equipment valued at $1,250,000, which was encumbered by liens securing indebtedness of $700,000.

The loan from The Peoples Bank was to be used to payoff certain obligations to several of the Debtors secured creditors.  The loan was to be secured by certain pieces of the Debtors' equipment.  The Peoples Bank states that the loan was to be secured by "specific items of farm equipment of D&D Farms as well as a blanket lien on all farm equipment of D&D Farms."

On May 28, 2019, The Peoples Bank loaned D&D Farms $741,093.  Of the loan amount, loan proceeds of $551,245.22 was disbursed to AgDirect, $180,000 to Deere & Company, and $9,847.78 to Northland Capital.  To document the loan from The Peoples Bank to D&D Farms, Joshua and Nathan, executed a partnership authorization, a promissory note, three hypothecation agreements and a disbursement request and authorization.

Also on May 28, 2019, The Peoples Bank filed three UCC-1 financing statements with the Kentucky Secretary of State listing the Debtor as D&D Farms and describing the collateral as "all farm equipment," as well as certain items of farm equipment.

On May 28, 2019, Joshua Duvall requested a payoff on amounts owed to John Deere Financial.  A representatives of John Deere told him the officer in charge of his loans was out of the office for the week and no one else would provide payoffs.  Using his statement from John Deere on the five loans he had with them dated December 28, 2019, Joshua and the President, CEO and Board of Directors at The Peoples Bank, Terry Burnell, calculated the interest owed and arrived at a payoff of $180,000.  There is no evidence that Deere ever agreed that the payoff was $180,000 or that it would accept that amount in full satisfaction of the Debtors' debt.

Although emails were exchanged between a representative of The Peoples Bank and the Bank of Edmonson County regarding the possibility of BOEC subordinating its lien to The Peoples Bank, there is no documentation that the subordination was ever properly documented.

The Peoples Bank does not dispute that Northland has a perfected purchase-money security interest in the Mixer which will have priority over The Peoples Bank's lien on the same.

Due to mounting financial strain and the terms of an "Agreed Order to Maintain Status Quo" entered in the District Court on December 21, 2018, or about December 26, 2018, Josh and Nathan formed a new general partnership called "D&D Farms."  The general partners of D&D Farms are Nathan Wayne Duvall (50%) and Joshua Lee Duvall (50%).

Shortly thereafter, the Debtors allegedly transferred the Equipment to D&D Farms.  Neither the Debtors nor D&D Farms ever prepared a bill of sale or any other transfer documents related to the Equipment transfer.

Nutrien, SCB, Simplot, MB&T and BOEC did not authorize the Equipment transfer, and, therefore, D&D Farms acquired the Equipment subject to the security interests of Nutrien, SCB, Simplot, MB&T and BOEC.

On May 28, 2019—after the Debtors allegedly transferred the Equipment to D&D Farms—the Debtors executed a series of hypothecation agreements, under which the Debtors "pledge[d]" all of **their** "farm equipment" to The Peoples Bank "to secure any present indebtedness or liability howsoever evidenced, owing by" D&D Farms to The Peoples Bank.

Further, on May 28, 2019—after the Debtors allegedly transferred the Equipment to D&D Farms—the Debtors executed an Agricultural Security Agreement in favor of The Peoples Bank, under which the Debtors pledged "all" of **their** "farm equipment" to  secure a loan The Peoples Bank extended to D&D Farms.  Though D&D Farms also executed an Agricultural Security Agreement in favor of The Peoples Bank, that agreement does not list Equipment as collateral.

On April 23, 2019, The Peoples Bank filed a financing statement against D&D Farms.

On December 10, 2019, the Debtors filed their respective Chapter 12 bankruptcy petitions.

The only creditors that claim a blanket lien on the Equipment are Nutrien, SCB, Simplot, and The Peoples Bank.

The Debtor, Joshua Duvall, resides at 208 Reynolds Court, Oakland, Kentucky 42159, and his complete name listed on his Kentucky driver's license is "Joshua Lee Duvall."

The Debtor, Brandi Duvall, does not have any interest in the Farm Equipment that is the subject to this matter.

The Debtor, Nathan Duvall, resides at 739 Sawgrass Court, Bowling Green, Kentucky 42104, and his complete name listed on his Kentucky driver's license is "Nathan Wayne Duvall."

The Debtor, Jaime Duvall, does not assert any interest in the Farm Equipment that is the subject of this matter.

Since neither of the wives have any ownership interest in the subject Farm Equipment, the issues presented herein will be addressed in terms of the Josh and Nathan Duvall, or collectively as the "Debtors."

In addition to his involvement in the farming operation, Nathan Duvall is also employed as a sales representative for Wright Implement, a dealership for John Deere farming equipment.

The "Duvall Farms" business structure resembles an unincorporated general partnership referred to as "Duvall Farms." Duvall Farms never obtained a separate EIN or filed a separate tax return for the partnership. The banking accounts for "Duvall Farms" were simply set up under the social security number of one or both of the brothers. Much of the cropland was set up in the name of one brother for the purpose of crop insurance and reporting to the local USDA offices.

The various items of farm equipment used in the operation were acquired and titled by the brothers in their individual names, but both brothers were free to use equipment titled in the other's name in connection with their joint farming operation.

In connection with pre-bankruptcy depositions conducted by Nutrien on December 17, 2018, Josh and Nathan identified the following list of farm equipment they owned collectively:

1. JD 8130 Tractor
2. JD 7700 Tractor
3. JD 4250 Tractor
4. JD 4455 Tractor
5. JD 5055e Tractors - (3)
6. JD 6410 Tractor
7. Ford 4000 Tractor
8. Allis Chalmers 7060 Tractor
9. JD 946 MoCo
10. JD MX6 Rotary Cutter
11. Rhino 15 ft. Batwing Bush Hog
12. JD 6120 R
13. JD 9670 Combine
14. JD 893 Corn Head
15. JD 635 Platform Head
16. JD 1790 Planter
17. JD 750 Grain Drill
18. JD 1990 Air Drill
19. JD 4830 Sprayer
20. JD 569 Round Baler
21. Kuhn ST 112 Speed Rake
22. McFarlane Reel Disk
23. Unverferth 8250 Grain Cart
24. Unverferth 2750 Seed Tender
25. (2) Kuhn Knight 1219 Manure Spreaders
26. Kuhn Manure Spreader w/Hyd Push
27. JD Gator 550
28. (2) JD 324 Skid Loaders
29. JD 3190 Skid Loader
30. 6720 Penta Vertical Mixer/Grinder
31. Manure Spreader (Side Discharge)
32. Unverferth Ripper
33. Case IH 400 Plow
34. John Deere Bag
35. Cultipacker
36. Unverferth Header Wagons (2)
37. 1300 Gallon Nurse Tank & Trailer
38. (2) 10,000 Gallon Liquid Tanks
39. Westfield Grain Auger
40. Hutchinson Grain Auger
41. Frontier 1316 Hay Tedder
42. Circle W Cattle Trailer
43. Anderson In-Line Hay Wrapper NWX-680

44.    Silage Wagons (6)
45.    Flatbed Gooseneck Trailer
46.    JD 930 Ztrack Mower
47.    Hustler Ztrack Mower
48.    S.I. Brand Open Feed Wagons

J. Duvall Dep., Ex. 4 (Doc. No. 59-10).

As relevant to the parties' positions in this matter, at the time the Debtors sought to transfer their equipment to D&D Farms, Financing Statements pertaining to the "Farm Equipment" were filed with the Office of the Kentucky Secretary of State as follows:

The Remainder of this Page Intentionally Left Blank

| File Date | Secured Party | Debtor(s) | Collateral[1] |
|---|---|---|---|
| 05/13/2014 | Stearns Bank N.A. | Joshua L. Duvall | Mueller 5000 Gallon Milk Tank |
| 08/19/2014 | Stearns Bank N.A. | Joshua L. Duvall | DBL 11 Milkmaker Stall; Vertical Lift Crowd Gate; 1996 Mueller 500 Gallon Milk Tank; Mueller 500 Gallon Milk Cooler |
| 6/03/2015 | Stearns Bank N.A. | Joshua L. Duvall | 265 Steinway Self-Locks, 9 Steinway Watermaster, 18 Steinway Schaefer Panel Fan |
| 10/31/2016 | Deere Credit, Inc. | Joshua Lee Duvall | 3 - JD 5055E Tractors |
| 3/1/2017 | Bank of Edmonson County | Josh Duvall, Nathan Duvall | 2000 JD 6410 Tractor, 2010 JD 9670 Combine, 2012 JD 4830 Sprayer |
| **3/14/2017** | **Nutrien Ag Solutions, Inc.** | **Nathan Wayne Duvall** | **All Farm Equipment** |
| 3/20/2017 | Morgantown Bank | Josh Duvall | **Case 840L Dozer** |
| 5/9/2017 | Deere & Company | Joshua Lee Duvall | JD 324E Skid Steer |
| **6/30/2017** | **Nutrien Ag Solutions, Inc.** | **Joshua Lee Duvall** | **All Farm Equipment** |
| 9/13/2017 | Stearns Bank N.A. | Joshua L. Duvall | Delaval Calf Feeder, Sprouse 45' Container, 5 - J&D 50" 3 Bland Fans w/2-63" Tube Vent, concrete work |
| 10/16/2017 | Deere & Company | Joshua Lee Duvall | JD 1990 Seeder |
| 10/20/2017 | South Central Bank, Inc. | Josh L. Duvall, Nathan W. Duvall | 2014 ProForce Spreader, All Farm Equipment |
| 10/31/2017 | Deere & Company | Joshua Lee Duvall | JD 620R Loarder, JD 6120 Utility Tractor, Frontier AB13 Bale Fork |
| 1/9/2018 | Deere & Company | Joshua Lee Duvall | JD 946 Mower Conditioner |
| 4/5/2018 | JSI Farmline ET, LLC | Joshua Lee Duvall | All Farm Equipment |
| 5/1/2018 | Northland Capital Financial Services, LLC | Joshua Lee Duvall | 2012 Penta 5620 Mixer |
| 9/12/2018 | Falcon Leasing | Joshua L. Duvall | 2016 JD 5075E Utility Tractor |
| 9/12/2018 | Falcon Leasing | Joshua L. Duvall | 2018 JD 324E Skid Steer |

*See*, UCC Search Logic, Joshua Duvall.

---

[1]Collateral descriptions are sometimes summarized for brevity.

As evidenced by the foregoing Financing Statements filed of record with the Kentucky Secretary of State, at the time of the alleged transfer, the Debtors and their transferee "D&D Farms" had constructive knowledge of the foregoing security interests in the Farm Equipment.

At no time did Nutrien, Simplot, SCB, MB&T or BOEC authorize this transfer.

As evidenced by the Financing Statements filed of record with the Kentucky Secretary of State, at the time of the purported transfer, any third party, including The Peoples Bank had constructive knowledge of the foregoing interests in the Farm Equipment.

## CONCLUSIONS OF LAW

This matter is core proceedings under 28 U.S.C. § 157(b)(2)(K) and 28 U.S.C. § 157(b)(2)(A) wherein the parties seek to establish the validity and priority of the lien in the Farm Equipment utilized by the Debtors in connection with their farming operation.

Alternatively, in accordance with 11 U.S.C. § 1334(b), this case is "arising in or related to" a matter in which the outcome could alter the Debtors' rights, liabilities, and impact the handling and administration of the bankruptcy estates.

The basis of jurisdiction in this case is 28 U.S.C. § 1334.  Pursuant to the authority vested in the United States District Court through 28 U.S.C. § 157(a), the United States District Court for the Western District of Kentucky, by Local Rule 83.12 of that Court, has referred all matters arising under Title 11, United States Code, or arising in or related to a case under Title 11, United States Code, to the United States Bankruptcy Court as a unit of the District Court.

Debtors' principal place of business and residence is Warren County, Kentucky, and therefore, venue is proper in the Western District of Kentucky.

Federal Rule of Bankruptcy Procedure 7001 provides, in relevant part, that an adversary proceeding is required "to determine the validity, priority, or extent of a lien[;]" "to recover money or property[;]" or "to obtain a declaratory judgment relating to any of the foregoing."

The Peoples Bank failed to plead any affirmative defense asserting that the Financing Statements filed by Nutrien may have been rendered ineffective by any purported "novation," and by failing to plead the defense, The Peoples Bank has waived the same. Fed. R. Civ. P. 8(c)(1) (incorporated by B.R. 7008).

Regardless of any purported novation defense, the Financing Statements and amendments filed by Nutrien prior to the Debtors' execution of the Note/Security Agreement on July 11, 2017, are valid. KRS 355.9-502(4).

The prior obligations to Nutrien made by Joshua Duvall and Nathan Duvall, contained a future advance clause, so even if the 2017 Note was deemed a novation, the existing Financing Statements filed of record with the Kentucky Secretary of State would remain effective. *See*, *First National Bank v. Citizens Deposit Bank & Trust*, 735 S.W.2d 328 (Ky. Ct. App. 1987).

When funds were advanced on or about August 3, 2017, Nutrien's blanket security interest attached to each of those specific items of equipment stated on the Debtors' equipment list. KRS 355.9-203(2).

The Court concludes as a matter of law, the Debtors failed to transfer the Duvall Farms machinery and equipment to D&D Farms.

In accordance with the terms of the Note/Security Agreement, Nutrien's blanket security interest in the farm equipment also attached to any after-acquired property in which Joshua Duvall had any right, title or interest at the time of their respective bankruptcy petitions (along with any accessions, accretions, replacements, or proceeds of any of the same). KRS 355.9-204(1).

Nutrien has a first-priority blanket lien in the Debtors' Equipment.

a.      A security interest becomes enforceable upon attachment.  KRS 355.9-203(1).

b.      An enforceable security interest becomes perfected on the date when the creditor files a financing statement against the debtor which: (1) states the debtor's name, and (2) contains a description of the collateral.  KRS 355.9-502.

c.      If the requirements for perfection are accomplished prior to the date of attachment, perfection occurs when the security interest attaches.  KRS 355.9-308(1).

d.      Nutrien's interest in the Debtors' Equipment attached in August of 2017 when Nutrien disbursed the loaned money to the Debtors.  KRS 355.9-203(2).

e.      Nutrien filed financing statements naming the Debtors as "debtors" and listing the Equipment as collateral prior to the date of attachment, so Nutrien's interest became perfected upon attachment—*i.e.*, in August of 2017.  *See* KRS 355.9-308(1).

f.      No other creditor in this action is claiming that it perfected a blanket lien on the Equipment prior to August of 2017.

g.      Nutrien's blanket lien on Debtors' Equipment has first-priority.  KRS 355.9-322(1)(a)-(c).

h.      Nutrien's blanket lien on Debtors' Equipment has first-priority notwithstanding the fact that the Debtors transferred the Equipment to D&D Farms.  KRS 355.9-325.

Simplot has a second-priority blanket lien on Josh's share of the Equipment.

a.      A security interest becomes enforceable upon attachment.  KRS 355.9-203(1).

b.      An enforceable security interest becomes perfected on the date when the creditor files a financing statement against the debtor which: (1) states the debtor's name, and (2) contains a description of the collateral.  KRS 355.9-502.

c.      Simplot's security interest attached to Josh's share of the Equipment on March 15, 2017.

d.      Simplot properly perfected its interest in Josh's share of the Equipment on April 5, 2018.  KRS 355.9-502.

e.      As between Nutrien—a perfected, secured creditor as of August of 2017— and Simplot—a perfected, secured creditor as of April 5, 2018, Nutrien's interest has priority.  KRS 355.9-322(1)(a).

f.      As between SCB, a secured, unperfected creditor (as to Josh's interest)— and Simplot, Simplot's interest has priority.  KRS 355.9-322(1)(b).

g.     As between The Peoples Bank—a secured but unperfected creditor as of May 28, 2019—and Simplot, Simplot's interest has priority.  KRS 355.9-322(1)(a)-(c).

h.     Simplot's blanket lien on Josh's Equipment has second-priority notwithstanding the fact that he transferred the Equipment to D&D Farms.  KRS 355.9-325.

SCB has a second-priority blanket lien on Nathan's share of the Equipment.

a.     A security interest becomes enforceable upon attachment.  KRS 355.9-203(1).

b.     An enforceable security interest becomes perfected on the date when the creditor files a financing statement against the debtor which: (1) states the debtor's name, and (2) contains a description of the collateral.  KRS 355.9-502.

c.     SCB's security interest attached to Nathan's share of the Equipment on October 18, 2017.  KRS 355.9-203(1).

d.     SCB perfected its security interest in Nathan's share of the Equipment on October 20, 2017.  KRS 355.9-502.

e.     As between Nutrien—a perfected, secured creditor as of August of 2017— and SCB—a perfected, secured creditor as of October 20, 2017—Nutrien's interest has priority.  KRS 355.9-322(1)(a).

f.     As between The Peoples Bank—a secured but unperfected creditor as of May 28, 2019—and SCB, SCB's interest has priority.  KRS 355.9-322(1)(a)-(c).

g.     Simplot does not claim an interst in Nathan's share of the Equipment.

h.     SCB's blanket lien on Nathan's Equipment has second-priority notwithstanding the fact that he transferred the Equipment to D&D Farms.  KRS 355.9-325.

SCB has a third-priority blanket lien on Josh's share of the Equipment.

a.     A security interest becomes enforceable upon attachment.  KRS 355.9-203(1).

b.     An enforceable security interest becomes perfected on the date when the creditor files a financing statement against the debtor which: (1) states the debtor's name, and (2) contains a description of the collateral.  KRS 355.9-502.

c.     SCB's security interest attached to Josh's  share of the Equipment on October 18, 2017.  KRS 355.9-203(1).

d.     The financing statement SCB filed against Josh is seriously misleading and is therefore ineffective.  KRS 355.9-506.

e.    As between Nutrien—a perfected, secured creditor as of August of 2017— and SCB—an unperfected, secured creditor—Nutrien's interest has priority. KRS 355.9-322(1)(a).

f.    As between Simplot—a perfected, secured creditor as of April 5, 2018—and SCB, Simplot has priority.  KRS 355.9-322(1)(b).

g.    As between The Peoples Bank—a secured but unperfected creditor as of May 28, 2019—SCB's interest has priority.  KRS 355.9-322(1)(c).

h.    SCB's blanket lien on Josh's Equipment has third-priority notwithstanding the fact that he transferred the Equipment to D&D Farms.  KRS 355.9-325.

The Peoples Bank does not have an enforceable blanket security interest in the Equipment.

a.    A security interest becomes enforceable upon attachment.  KRS 355.9-203(1).

b.    Attachment occurs when, among other things, the "debtor has rights in the collateral."  KRS 355.9-203(2)(b).

c.    If the debtor does not have any rights in the collateral, the security interest or lien has nothing to attach to and is therefore unenforceable.  KRS 355.9-203(2).

The Duvalls were unable to prove they transferred their interest in their farm equipment to D&D Farms.  Nevertheless, whether the Duvalls either successfully or unsuccessfully transferred the heavily encumbered farm equipment to D&D Farms, The Peoples Bank's claim to a security interest, much less a priority security interest, must fail.  If the farm equipment had been transferred to D&D Farms, The Peoples Bank's and D&D Farm's documents did not include a security interest in equipment.  Since the farm equipment was never successfully transferred to D&D Farms, The Peoples Bank, at best, had a hypothecation agreement from the Duvalls on their interest in the equipment that was subordinate to the prior perfected security interests of Nutrien, Simplot, SCB, BOEC, MB&T and Deere.

Nutrien's "blanket" security interest specifically has priority over any of the competing blanket security interest asserted by South Central Bank, Simplot, or The Peoples Bank. KRS 355.9-322(1)(a)-(c).

**Purchase-Money Security Interests**

SCB has a purchase-money security interest ("PMSI") on the Debtors' interest in the ProForce 3430 Spreader.  KRS 355.9-103(2).

SCB properly perfected its PMSI in Nathan's share of the Proforce 3430 Spreader.  KRS 355.9-310(a).

SCB's PMSI in Nathan's share of the ProForce 3430 Spreader has first-priority under the "super-priority" rules set forth at KRS 355.9-324(1).

SCB's PMSI in Josh's share of the ProForce 3430 Spreader is unperfected because the financing statement SCB filed in an effort to perfect said interest was seriously misleading.  KRS 355.9-506.

The PMSI of MB&T in the Case 840L LGP Dozer, filed under the name of "Josh Duvall" on March 20, 2017 is seriously misleading in accordance with KRS 355.9-506 and Nutrien's blanket security interest has priority over MB&T's interest.

MB&T's unperfected interest in the Case 840L LGP Dozer attached before The People's Bank's unperfected interest in the Case 840L LGP Dozer and therefore, MB&T's unperfected interest has priority over The People's Bank's interest.  KRS 355.9-322(1)(c).

BOEC's security interest in the 2000 John Deere 6410 Tractor, 2010 John Deere 9670 Combine and 2012 John Deere 4830 is unperfected as to Josh's one-half interest in the equipment because the financing statement BOEC filed in an effort to perfect said interest was seriously misleading.  KRS 355.9-506.

BOEC's security interest in the 2000 John Deere 6410 Tractor, 2010 John Deere 9670 Combine and 2012 John Deere 4830 as to Nathan's one-half interest in the equipment has first priority under KRS 355.9-322(1)(a)-(c).  A search of "Nathan Wayne Duvall" using the Kentucky

Secretary of State's standard search logic discloses BOEC's financing statement, thereby making it not serious misleading. KRS 355.9-506(3).

BOEC did not subordinate its lien on Debtors' 3 pieces of John Deere equipment referenced above to The Peoples Bank's lien.

As an **exception** to its blanket priority, Nutrien's security interest is inferior to the following PMSI claims as to specific items of Farm Equipment, each having super-priority in accordance with KRS 355.9-324(1):

1.  the remaining balance owed on the PMSI claim of Falcon Leasing, a division of Falcon National Bank, in a 2018 John Deere 324E Skid Steer, and 2016 John Deere 5075E Utility Tractor, as previously adjudged in the Agreed Order entered by this Court on June 25, 2020 (Doc. No. 58).

2.  the remaining balances owed on the PMSI claims of John Deere,[2] in the following items:

    i.      3 - JD 5055E Tractors (Claim No. 4 - $2,065.48);
    ii.     JD 324E Skid Steer (Claim No. 5 - $1,285.94);
    iii.    JD 1990 Seeder (Claim No. 6 - $2,825.55);
    iv.     JD 6120 Tractor, Loader, and Bale Spear (Claim No. 7 - $3,058.56), and;
    v.      JD Mower Conditioner (Claim No. 8 - $2,250.65).

3.  the remaining balance owed on the PMSI claims of Stearns Bank, N.A., in the following items:

    i.      DBL 11 Milkmaker Stall; SN: N/A; w/Yoke Fronts;
    ii.     1 - Vertical Lift Crowd Gate (20′ 10½″ x 48′); SN: N/A;
    iii.    1 - 1996 Mueller 5000 Gallon Milk Tank; SN: 31547-A; w/any and all attachments thereto;

---

[2]Specific Findings of Fact and Conclusions of Law on the interests and priority in equipment of John Deere are dealt with in more detail in a separate Memorandum-Opinion and Judgment entered this same date. The Judgments in both Opinions shall not be construed as contradictory to each other.

iv.   Installation of Mueller 500 Gallon Milk Cooler; SN: N/A; w/any and all attachments thereto;

v.   265 - Steinway Auto Release Self-Locks; SNS: N/A;

vi.   9 - Steinway Ritchie 33″ x 96″ Watermasters; SNS: N/A;

vii.   18 - Steinway 52″ Schaefer Panel Fans; SNS: N/A; w/any and all attachments thereto;

viii.   1 - Delaval CF1000S Calf Feeder; SN: Pending;

ix.   1 - Sprouse 45-ft. Container; SN: Pending;

x.   5 - J&D 50″ 3 Blade Fans; SNS: Pending; w/2 63′ Tube Vent, and;

xi.   Concrete Work; SN: N/A; w/any and all attachments thereto.

and,

4.   the remaining balance owed on the PMSI claim of Northland Capital Financial Services, LLC in a 2012 Penta 5620 Heavy Duty Mixer.

The Northland Lease is a transaction creating a security interest under KRS 355.1-203 for the following reasons: (1) it does not provide the lessee with the option to terminate or cancel it; and (2) it provides the lessee with the option to become the owner of the goods for nominal additional consideration upon compliance with the terms thereof.

Northland holds a valid and enforceable purchase-money security interest in the Mixer. KRS 355.9-103(2).

Northland properly perfected its purchase-money security interest in the Mixer. KRS 355.9-103(1).

Northland's purchase-money security interest in the Mixer is superior to and takes priority over all other conflicting security interests therein, including the existing "all assets" liens of Nutrien, SCB, Simplot, and The Peoples Bank against Joshua Duvall, under the "super-priority" rules set forth at KRS 355.9-324(1).

As an **exception** to its blanket priority, Nutrien's security interest is inferior to the following claims of John Deere to specific items of Farm Equipment that were perfected prior to Nutrien in accordance with KRS 355.9-322(1)(a)-(c):

1.      the remaining balances owed on the John Deere Multi-Use Account (Claim 3) in the Three (3) JD 5055 Tractors filed on October 31, 2016; and

2.      the remaining balances owed on the John Deere Multi-Use Account (Claim 3) in the JD 324E Skid Steer filed on May 9, 2017.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** the Motion for Partial Summary Judgment filed by Plaintiff Nutrien AG Solutions, Inc., successor to Security Seed and Chemical, Inc., the Motion for Summary Judgment filed by South Central Bank, Inc., Motion for Partial Summary Judgment of Morgantown Bank & Trust Company, and Motion for Partial Summary Judgment of Bank of Edmonson County, consistent with this Memorandum-Opinion and the accompanying Judgment.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSHUA DUVALL | ) | CASE NO.: 19-11272(1)(12) |
| BRANDI DUVALL | ) | |
| NATHAN DUVALL | ) | |
| JAIME DUVALL | ) | Administratively Consolidated |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| NUTRIEN AG SOLUTIONS, INC., | ) | AP NO.  20-1012 |
| successor to SECURITY SEED AND | ) | |
| CHEMICAL, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA LEE DUVALL, et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

Nutrien has a blanket security interest on all of the Debtors' "farm and business machinery equipment and tools." This includes Nathan Duvall's 50% interest and Joshua Duvall's 50% interest that purportedly was transferred to "D&D Farms" in May 2019. KRS 355.9-325. Nutrien's interest is superior to all other security interests in the equipment, except for the interests that the purchase-money secured creditors may have in specific pieces of equipment. KRS 355.9-322(1)(a).

South Central Bank's ("SCB") blanket security interest in Nathan Duvall's one-half interest in the equipment is superior to all other security interest in the same, except for the interest of

Nutrien and the interests of any purchase-money secured creditors may have in specific pieces of equipment.

Simplot has a second priority blanket security interest in Joshua Duvall's one-half interest in the equipment.

SCB has an unsecured, unperfected security interest in Joshua Duvall's one-half interest in the equipment, and Simplot's interest has priority over SCB. KRS 355.9-322(1)(b).

Simplot's interest has priority over The People's Bank, an unsecured creditor. KRS 355.9-322(1)(a)-(c).

SCB's perfected security interest in Nathan Duvall's share of the equipment attached on October 20, 2017. SCB's interest on Nathan's share of the equipment has priority over The Peoples Bank, an unsecured creditor. KRS 355.9-322(1)(a)-(c).

SCB has a third priority blanket lien on Josh Duvall's share of the equipment, behind Nutrien and Simplot. However, as between The Peoples Bank, an unsecured creditor, SCB's interset has priority. KRS 355.9-322(1)(c).

The Peoples Bank does not have an enforceable blanket security interest in the equipment. Even if it did, any such interest is unperfected because it does not contain the Debtors' names and is seriously misleading. KRS 355.9-502; KRS 355.9-506(1)(3).

SCB has a properly perfected, first priority, purchase-money security interest in Nathan Duvall's one-half interest in a 2014 ProForce 3430 Variable Rate Spreader, Serial #10314 ("Spreader").

SCB's security interest in Joshua's one-half interest in the Spreader is superior to The Peoples Bank's unperfected security interest in the Debtors' equipment.

The PMSI of MB&T in the Case 840L LGP Dozer filed under the name of "Josh Duvall" on 3-20-17 was seriously misleading under KRS 355.9-506 and Nutrien's blanket security interest

has priority over MB&T's interest.  However, MB&T's unperfected interest in the LGP Dozer attached before The Peoples Bank's unperfected interest, and MB&T's unperfected interest has priority over The Peoples Bank's interest.  KRS 355.9-322(1)(c).

BOEC's security interest in the 2000 John Deere 6410 Tractor, 2010 John Deere 9670 Combine and 2012 John Deere 9830 is unperfected as to Joshua Duvall's one-half interest in the equipment, as seriously misleading pursuant to KRS 355.9-322(1)(c).

BOEC's security interest in the 2000 John Deere 6410 Tractor, 2010 John Deere 9670 Combine and 2012 John Deere 9830 as to Nathan Duvall's one-half interest was not seriously misleading and has first priority under KRS 355.9-322(1)(a)-(c).

The following claims are an exception to Nutrien's blanket priority security interest, and have super-priority in accordance with KRS 355.9-324(1):

1.      Falcon National Bank as to the remaining balance owed on the 2018 John Deere 324E Skid Steer, and 2016 John Deere 5075 E Utility Tractor, per Agreed Order dated June 25, 2020;

2.      Stearns Bank, N.A.'s remaining balances owed on:

    i.      DBL 11 Milkmaker Stall; SN: N/A; w/Yoke Fronts;
    ii.     1 - Vertical Lift Crowd Gate (20′ 10½″ x 48′); SN: N/A;
    iii.    1 - 1996 Mueller 5000 Gallon Milk Tank; SN: 31547-A; w/any and all attachments thereto;
    iv.    Installation of Mueller 500 Gallon Milk Cooler; SN: N/A; w/any and all attachments thereto;
    v.      265 - Steinway Auto Release Self-Locks; SNS: N/A;
    vi.    9 - Steinway Ritchie 33″ x 96″ Watermasters; SNS: N/A;
    vii.   18 - Steinway 52″ Schaefer Panel Fans; SNS: N/A; w/any and all attachments thereto;
    viii.   1 - Delaval CF1000S Calf Feeder; SN: Pending;
    ix.    1 - Sprouse 45-ft. Container; SN: Pending;

    x.        5 - J&D 50″ 3 Blade Fans; SNS: Pending; w/2 63′ Tube Vent, and;

    xi.       Concrete Work; SN: N/A; w/any and all attachments thereto; and

3.       Northland Capital Financial Services, LLC in a 2012 Penta 5620 Heavy Duty Mixer.

SO ORDERED this _____ day of January, 2021.