UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSHUA DUVALL | ) | CASE NO.: 19-11272(1)(12) |
| BRANDI DUVALL | ) | |
| NATHAN DUVALL | ) | |
| JAIME DUVALL | ) | Administratively Consolidated |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| NUTRIEN AG SOLUTIONS, INC., | ) | AP NO.  20-1012 |
| successor to SECURITY SEED & | ) | |
| CHEMICAL, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA LEE DUVALL, et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Partial Summary Judgment Against Defendant The Peoples Bank Marion, Kentucky on Count IV of the Complaint filed by Plaintiff, Nutrien Ag Solutions, Inc., successor to Security Seed & Chemical, Inc. ("Nutrien").[1]  The Court considered the Motion for Partial Summary Judgment of Nutrien, the Response of The Peoples Bank, The Reply of Nutrien and the comments of counsel for the parties at the hearing held on the

---

[1] Nutrien Ag Solutions, Inc. is the successor to Security Seed & Chemical, Inc.  At the time the checks at issue in this case were issued, Security Seed & Chemical was the party in interest.  However, since Security Seed & Chemical is now Nutrien, the action herein is brought by Nutrien.  For purposes of this Opinion, when referring to the timeframe when the checks were written and negotiated, the Court refers to the Plaintiff as "Security Seed."

matter. For the following reasons, the Court will **GRANT** Nutrien's Motion for Partial Summary Judgment against The Peoples Bank on Count IV of the Complaint.

## UNDISPUTED FACTS

The Court incorporates herein verbatim the Undisputed Facts as set forth by Nutrien at pages 2-4 of its Motion for Partial Summary Judgment on Count IV as Defendant The Peoples Bank does not dispute the Undisputed Facts contained therein. *See* page 1 of The Peoples Bank Response to the Plaintiff's Motion for Partial Summary Judgment. The Court will address the Additional Facts set forth at pages 2 and 3 of The Peoples Bank's Response, as necessary to the Court's legal analysis herein.

## LEGAL ANALYSIS

Nutrien's Motion for Partial Summary Judgment against The Peoples Bank seeks summary judgment on its claim in Count IV of the Complaint that The Peoples Bank wrongfully converted two checks payable to the order of "D & D Farms and Security Seed & Chemical," dated July 5, 2019 in the amount of $10,465.65 and the second dated July 8, 2019 for $11,961.93. Both checks were written by Gavilon Grain, LLC ("Gavilon Grain") for soft red wheat purchased under a commodity contract it had with the Debtors herein, Joshua Duvall, Brandi Duvall, Nathan Duvall, and Jamie Duvall ("the Debtors").

On July 11, 2019, the Debtors executed an Application and Note/Security Agreement ("the Note") with Nutrien, whereby they granted to Nutrien, among other things, a security interest in "All crops growing, grown or to be grown in 2017 and subsequent years." The security interest also encompassed "contract rights." *See* paragraph 2 of the Note. Nutrien properly perfected its security

interest in the collateral using the same description of the collateral set forth in the Note by filing UCC Financing Statements against each of the Debtors. A listing of the filings is contained on page 3 of Nutrien's Motion for Partial Summary Judgment.

On August 3, 2018, Debtors executed a Commodity Contract with Gavilon Grain. Nathan Duvall signed the contract with Gavilon Grain on behalf of the Debtors and the contract was styled "Duvall Farms Wheat Contract." It is clear that Nutrien's security interest in "all crops" and "contract rights" attached to the Duvall Wheat Contract when it was signed. The Debtors fulfilled the contract by providing deliveries of soft red wheat to Gavilon Grain in June-July, 2019. As payment under the contract, Gavilon Grain issued two checks, one dated July 5, 2019 in the amount of $10,465.65 and the second dated July 8, 2019 in the amount of $11,961.93. Both checks were made payable to the order of, "D & D Farms and Security Seed & Chemical."

On August 5, 2019, both checks were negotiated at The Peoples Bank and deposited into the account maintained at The Peoples Bank by D & D Farms. The checks were endorsed by Joshua Duvall for payee D & D Farms, but neither check was endorsed by a representative of Security Seed & Chemical, now known as Nutrien.

The Undisputed Facts establish that the checks at issue were made payable to both D & D Farms and Security Seed & Chemical. The checks were not payable alternatively to D & D Farms or Security Seed. KRS 355.3-110(4), governs the payment of checks written to two or more persons. It states:

> (4) If an instrument is payable to two (2) or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. **If an instrument is payable to two (2) or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them.**

The statute could not be clearer. If a check is made payable to two or more persons not alternatively, it is payable to all of them and the check may only be negotiated, discharged or enforced "by all of them." The Peoples Bank should have required a representative of Security Seed to endorse the check before negotiating it or refused to negotiate it with only Joshua Duvall's signature.

In *Tri-County Nat. Bank v. Green Point Credit, LLC*, 190 S.W.3d 360 (Ky. App. 2006), the Kentucky Court of Appeals upheld a trial court's entry of summary judgment in favor of a secured party, where an insurance company issued a reimbursement check following the loss of a mobile home due to a fire. The check was made payable to both the secured party and the mobile home owner, but the check was endorsed only by the owner of the mobile home, presented for payment and paid by Tri-County Bank. The Court of Appeals upheld the trial court's grant of summary judgment on the secured creditor's claim of conversion against the bank that paid the check erroneously to the single party that endorsed it. The secured party clearly had a cause of action against the bank for conversion based on its negotiation of the check without the secured party's endorsement under KRS 355.3-420, which applies the law of conversion on personal property to instruments.

Similarly, Security Seed was listed on the check, not alternatively with D & D Farms. Like the secured party in *Tri-County*, it clearly has a cause of action for conversion under KRS 355.3-420 due to The Peoples Bank wrongful action in negotiating the check and paying the proceeds solely to Joshua Duvall.

The People's Bank's arguments in its Response to the Plaintiff's Motion for Partial Summary Judgment are unavailing. The People's Bank's reliance on the Settlement Agreement between Farm Credit Mid-America, PCA, Farm Credit Mid-America, FLCA, JSI Farmline ET, LLC and Beverly

Reed is misplaced. Under that Settlement Agreement, Security Seed released its lien on the 2019 wheat and rye crop, with respect to the parties to that Agreement only. None of the Duvalls were parties to that Agreement. Paragraph 8 of the Agreement specifically states:

> 8. Claims not released. FCMA, SSC (Security Seed), JSI and Reed retain all of their claims against the Duvalls.

There is no evidence that Security Seed released any of its security interest or collateral of the Duvalls. Furthermore, the wheat delivered to Gavilon Grain on the commodity contract with the Debtors was delivered in the name of "D & D Farms," not Beverly Reed. The text messages attached as Exhibit 1 to the Plaintiff's Reply establish this fact.

The Peoples Bank further contends that Security Seed had no authority to require Gavilon Grains to issue the check in the name of both Security Seed and D & D Farms. The Peoples Bank cites no authority in support of its position. KRS 355.3-106 required The Peoples Bank to pay both payees listed on the check. It cannot excuse its own negligence by claiming Gavilon Grain had no right to list Security Seed on the check. Had The Peoples Bank simply required the endorsement of Security Seed or refused to cash the check as presented, this case would not be before the Court.

Furthermore, the language of KRS 355.3-420(2) creates a presumption that The Peoples Bank is liable for conversion in the amount of the two checks. It wrongfully negotiated the checks by not requiring Security Seed's endorsement of the checks.

The Undisputed Facts establish that the Plaintiff's security interest in the wheat delivered under the Commodity Contract to Gavilon Grain attached before any interest of the Duvalls attached. It was therefore, appropriate for Security Seed to be listed on the check and The Peoples Bank is liable for conversion for improperly failing to require Security Seed's endorsement on the checks and paying the proceeds to Joshua Duvall, in the total amount of $22,427.48.

Plaintiff is also entitled to recover pre-judgment interest on the liquidated amount of damages, $22,427.48, at the statutory rate of 6% per annum from the date of conversion, August 12, 2019 until paid in full. *See*, *Nucor Corp. v. General Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991) and *Poundstone v. Patriot Coal Co., Ltd.*, 485 F.3d 891, 901 (6th Cir. 2007). There are no genuine issues of material fact and the Plaintiff is entitled to summary judgment on Count IV as a matter of law.

## CONCLUSION

For all of the above reasons, the Motion for Partial Summary Judgment of Plaintiff Nutrien Ag Solutions, Inc., successor to Security Seed & Chemical, Inc. against Defendant The Peoples Bank Marion, Kentucky, should be **GRANTED**. An Order incorporating the findings herein accompanies this Motion for Partial Summary Judgment as to Count IV of the Complaint.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSHUA DUVALL | ) | CASE NO.: 19-11272(1)(12) |
| BRANDI DUVALL | ) | |
| NATHAN DUVALL | ) | |
| JAIME DUVALL | ) | Administratively Consolidated |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| NUTRIEN AG SOLUTIONS, INC., | ) | AP NO. 20-1012 |
| successor to SECURITY SEED & | ) | |
| CHEMICAL, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA LEE DUVALL, et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment as to Count IV of the Complaint of Plaintiff, Nutrien Ag Solutions, Inc., successor to Security Seed & Chemical, Inc. against Defendant The Peoples Bank Marion, Kentucky, be and hereby is, **GRANTED**.